IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

WALTER EARL DODD, JR., )
)
    Plaintiff, ) No. 1:12-cv-00087
) Senior Judge Haynes
v. )
)
JERRY SIMMONS, et al., )
)
    Defendants. )

## MEMORANDUM

Before the Court are the parties' motions in limine that are addressed in seriatim:

**1. Defendant Simmons' Motion in Limine to Exclude Evidence of Pamela Simmons' Alford Plea and Judicial Diversion**

In this motion (Docket Entry No. 188), Defendant Jerry Simmons seeks to exclude evidence concerning Pamela Simmons' Alford plea and grant of judicial diversion in State of Tennessee v. Pamela G. Simmons, Hickman County Circuit Court No. 12-5062-CR. Plaintiff filed a response in opposition. (Docket Entry No. 218).

Plaintiff contends that such evidence is admissible as an admission against interest.[1] The hearsay exception, under Fed. R. Evid. 804, for statements against interest requires the declarant to be unavailable. Here, nothing in the record reflects that Pamela Simmons is unavailable to testify at trial. Moreover, evidence of her Alford plea and grant of judicial diversion is irrelevant to this action under Fed. R. Evid. 401, and any probative value of such evidence would be substantially

---

[1]Plaintiff cites Fed. R. Evid. 801(d)(2) in support of its contention that evidence of an Alford plea is admissible as a statement against interest. The Court notes that Fed. R. Evid. 801(d)(2) is the hearsay exception for statements by a party opponent. Pamela Simmons is not a party to this action, thus Rule 801(d)(2) is inapplicable here. Accordingly, the Court interprets Plaintiff's response as brought under Rule 804.

outweighed by a danger of unfair prejudice. Fed. R. Evid. 403. Accordingly, the motion is granted.

## 2. Defendant Simmons' Motion to Present Plaintiff's Handgun at Trial

In this motion (Docket Entry No. 190), Defendant Simmons seeks permission from the Court to present Plaintiff's handgun and holster at trial for demonstrative purposes. Plaintiff filed a response in opposition (Docket Entry No. 219) contending that such evidence should be excluded under Fed. R. Evid. 403, as the probative value of such evidence is substantially outweighed by a danger of unfair prejudice and confusion.

Whether Plaintiff possessed his handgun during the incident giving rise to this action is a relevant factual inquiry for the jury to decide in determining whether Plaintiff was wrongfully arrested. The Court concludes that the probative value of presenting Plaintiff's handgun and holster for demonstrative purposes does not substantially outweigh a danger of unfair prejudice or confusion. Accordingly, the motion is granted pending approval by the United States Marshal Service.

## 3. Defendants' Renewed Joint Motions in Limine #1 and #2

Pursuant to their notice of renewal (Docket Entry No. 191), Defendants renew their joint motion in limine #1 (Docket Entry No. 84) and joint motion in limine #2 (Docket Entry No. 86).

Defendants' joint motion in limine #1 (Docket Entry No. 84) seeks to exclude evidence that Plaintiff lost his employment with the City of Franklin as speculative and irrelevant under Fed. R. Evid. 402. In response, Plaintiff filed a renewal (Docket Entry No. 217) of its previously filed response in opposition (Docket Entry No. 123).

The extent to which a causal connection exists between the alleged wrongful acts at issue in this action and Plaintiff's subsequent loss of employment is an issue of fact for the jury. Thus,

Plaintiff may introduce relevant, admissible evidence to establish this causal connection. Accordingly, this motion is denied without prejudice to renew in the context of trial.

Defendants' joint motion in limine #2 (Docket Entry No. 86) seeks to exclude evidence of Plaintiff's damage claims for lost wages and medical expenses for failure to comply with Fed. R. Civ. P. 26(a)(1)(A)(iii). In response, Plaintiff renews (Docket Entry No. 217) his previously filed response in opposition (Docket Entry No. 122), contending that Defendants possessed all necessary information to calculate damages and any failure to provide such information was harmless.

Plaintiff's response, originally filed on October 11, 2013, reflects that Plaintiff supplemented his Rule 26(a)(1) disclosure (Docket Entry No. 191-1) to provide specific damage amounts claimed as a result of lost wages and medical expenses. After Plaintiff's supplementation, Defendants did not file a motion to compel or motion requesting additional discovery in light of Plaintiff's supplemental disclosure. Accordingly, the Court concludes that any failure to disclose specific damage totals in Plaintiff's original Rule 26 disclosure is harmless. See Vaughn v. City of Lebanon, 18 Fed. App'x 252, 264 (6th Cir. 2001) (noting that "the advisory committee's note to Rule 37(c) strongly suggests that harmless involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party."). Accordingly, this motion is denied.

### 4. Defendants Simmons and Pierce's Renewed Joint Motions in Limine #1 and #2

Pursuant to their notice of renewal (Docket Entry No. 192), Defendants Simmons and Pierce renew their motion in limine #1 (Docket Entry No. 90) and motion in limine #2 (Docket Entry No. 92).

Defendants Simmons and Pierce's joint motion in limine #1 (Docket Entry No. 90) seeks to exclude evidence of facts that occurred after Plaintiff's arrest on November 9, 2011 as irrelevant and

unfairly prejudicial. Plaintiff filed a response in opposition. (Docket Entry No. 120).

"Probable cause is defined by asking 'whether at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Radvansky v. City of Olmsted Falls, 496 F.3d 609, 614-15 (6th Cir. 2007) (citing Beck v. State of Ohio, 379 U.S. 89, 91 (1964)). Thus, "[p]robable cause is assessed from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Radvansky, 496 F.3d at 615 (internal citations omitted).

Moreover, "[a]n arrest based on probable cause does not become invalid simply because the charges are subsequently dismissed." Stone v. City of Grand Junction, Tenn., 765 F. Supp.2d 1060, 1075 (W.D. Tenn. 2011) (citing Manley v. Paramount's King Island, 299 Fed. App'x 524, 530 (6th Cir. 2008)). Thus, the fact that criminal charges are "ultimately dropped is irrelevant, as the validity of the arrest does not depend on a conviction, or even the existence of actual guilt." Gill v. Kovach, 729 F. Supp.2d 925, 933 (N.D. Ohio 2010) (citing Michigan v. DeFillipp, 443 U.S. 31, 36 (1979)).

Accordingly, factual evidence arising subsequent to Plaintiff's arrest on November 9, 2011, offered to suggest a lack of probable cause for the arrest itself, is irrelevant, under Rule 402, and inadmissible under Rule 403, as any probative value of such evidence would be substantially outweighed by a danger of unfair prejudice. Specifically, Defendants' motion is granted to exclude, for the purpose of suggesting a lack of probable cause for the arrest itself, evidence of Plaintiff's wife, Brenda Dodd's, complaint to Mayor Bohn about the handling of Plaintiff's arrest, and any subsequent response by Mayor Bohn, as well as evidence of the TBI investigation into this incident and the fact that the charges against Plaintiff were ultimately dropped. Yet, given the broad reach

4

of Defendants' motion, the motion is denied as to any other factual evidence that does not pertain to the existence of probable cause for the arrest at issue, such as evidence establishing damages or admissions by Mayor Bohn offered as evidence of acquiescence.

Defendants Simmons and Pierce's joint motion in limine #2 (Docket Entry No. 92) seeks to strike Plaintiff's claims of conspiracy. Plaintiff filed a response in opposition. (Docket Entry No. 119).

The Court previously addressed this issue in its Amended Memorandum and Order (Docket Entry Nos. 165 and 166) denying Defendants' motion for summary judgment that contended, in part, that Plaintiff failed to plead his conspiracy claim with any degree of specificity. Specifically, the Court determined that Plaintiff presented sufficient evidence of discussions between Pierce and Simmons, as well as Simmons' response to Plaintiff's arrest, from which the trier of fact could find a conspiracy between Pierce and Simmons to cause Plaintiff's arrest. Moreover, "motions in limine are inappropriate vehicles to seek a final determination with respect to a substantive cause of action and should not be used as a substitute for a motion for summary judgment." Goldman v. Healthcare Management Systems, Inc., 559 F. Supp.2d 853, 871 (W.D. Mich. 2008) (citing Mavrinac v. Emergency Med. Ass'n of Pittsburgh (EMAP), No. 04-1880 2007 WL 2908007, *1 (W.D. Pa. Oct. 2, 2007)). Accordingly, Defendants' motion is denied.

### 5. Plaintiff's Motion in Limine to Exclude Deposition Testimony

In this motion (Docket Entry No. 193), Plaintiff seeks to exclude deposition testimony from all depositions taken in the state court action, Dodd v. Simmons and Pierce, Hickman Co. Circuit Court, No. 13-cv-62, as inadmissible hearsay and as taken outside the deadline imposed for discovery in this action. Defendants Simmons, Pierce, and the City of Centerville each filed a

5

response in opposition. (Docket Entry Nos. 201, 204, and 206).

Defendants concede that the deposition testimony at issue is not admissible as substantive proof if the deponents are available to testify at trial. The Court is unclear as to whether the witnesses at issue are, in fact, available to testify at trial. Regardless, such deposition testimony may be admissible for purposes of rebuttal or impeachment under Fed. R. Evid. 801(d)(1) and 613. Accordingly, this motion is denied without prejudice to renew at trial.

### 6. Defendant Pierce's Motion in Limine No. 1

In this motion, (Docket Entry No. 195) Defendant Pierce seeks to exclude evidence of Jerry Simmons' conviction as evidence against Pierce or, in the alternative, a limiting instruction regarding the proper scope of such evidence. In response (Docket Entry No. 220), Plaintiff does not oppose a reasonable cautionary instruction.

Although, the guilty plea or conviction of a co-defendant or co-conspirator is "never admissible as substantive evidence of the defendant's guilt, . . . guilty pleas and convictions may be introduced into evidence if the co-conspirator or co-defendant testifies at trial, so that the factfinder will have appropriate facts on hand to assess the witness's credibility." United States v. Sanders, 95 F.3d 449, 454 (6th Cir. 1996) (internal citations omitted). Accordingly, the motion is denied, but the Court will give a limiting instruction to the jury.

### 7. Defendant Pierce's Motion in Limine No. 2

In this motion (Docket Entry No. 197), Defendant Pierce seeks to prohibit Plaintiff's fact witnesses from offering testimony on Pierce's duty to investigate, contending that such testimony requires the specialized knowledge of an expert witness. Plaintiff filed a response in opposition. (Docket Entry No. 221).

To be sure, "[l]egal opinions, when offered by a non-lawyer lay witness, are both incompetent and unpersuasive." Park West Galleries, Inc. v. Global Fine Art Registry, LLC, Nos. 2:08-cv-12247, 2:08-cv-12274, 2010 WL 891695,*2 (E.D. Mich. Mar. 8, 2010) (internal citations omitted). Yet, a lay witness may give opinion testimony if it is limited to opinions or inferences that are rationally based on the witness's perception; helpful to clearly understanding the witness's testimony or to determining a fact in issue; and not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed. R. Evid. 701. Without specific examples of anticipated testimony, this determination is best made in the context of trial. Accordingly, the motion is denied without prejudice to renew at trial.

### 8. Defendant Pierce's Motion in Limine No. 3

In this motion (Docket Entry No. 198), Defendant Pierce seeks to exclude testimony related to any disciplinary action by the Centerville Police Department against Pierce and to exclude opinion testimony related to violations of department policies. Plaintiff filed a response in opposition. (Docket Entry No. 222).

For the reasons stated supra, factual evidence arising subsequent to Plaintiff's arrest, offered to suggest a lack of probable cause for the arrest itself, is irrelevant, under Rule 402, and inadmissible under Rule 403, as any probative value of such evidence would be substantially outweighed by a danger of unfair prejudice. Yet, such evidence may be admissible for other purposes. This determination is best made in the context of trial. Accordingly, the motion is denied without prejudice to renew at trial.

### 9. Defendant Pierce's Motion in Limine No. 4

In this motion (Docket Entry No. 199), Defendant Pierce seeks to exclude evidence of the

City of Centerville's liability insurance. Plaintiff filed a response in opposition. (Docket Entry No. 223).

Under Fed. R. Evid. 411, evidence that a party was or was not insured against liability is not admissible to prove whether the party acted negligently or otherwise wrongfully. Accordingly, the motion is granted to prohibit the evidence of liability insurance for the purpose of suggesting wrongdoing. This ruling does not prohibit the parties from offering evidence of liability insurance for any of the exceptions listed in Rule 411.

An appropriate Order is filed herewith.

**ENTERED** this the ___ day of March, 2015.

William J. Haynes, Jr.
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

WALTER EARL DODD, JR., )
)
Plaintiff, ) No. 1:12-cv-00087
) Senior Judge Haynes
v. )
)
JERRY SIMMONS, et al., )
)
Defendants. )

ORDER

In accordance with the Memorandum filed herewith:

Defendant Simmons' motion in limine (Docket Entry No. 188) to exclude evidence of Pamela Simmons' Alford plea and judicial diversion is **GRANTED**.

Defendant Simmons' motion in limine (Docket Entry No. 190) to present Plaintiff's handgun at trial is **GRANTED, pending approval by the United States Marshal Service.**

Defendants' renewed joint motion in limine #1 (Docket Entry Nos. 84 and 191) is **DENIED without prejudice** to renew at trial.

Defendants' renewed joint motion in limine #2 (Docket Entry Nos. 86 and 191) is **DENIED**.

Defendants Simmons and Pierce's renewed joint motion in limine #1 (Docket Entry Nos. 90 and 192) is **GRANTED IN PART** to exclude factual evidence arising subsequent to Plaintiff's arrest offered to prove a lack of probable cause for the arrest itself. The motion is **DENIED** with respect to factual evidence not offered with respect to the existence of probable cause for arrest at issue.

Defendant Simmons and Pierce's renewed joint motion in limine #2 (Docket Entry Nos. 92 and 192) is **DENIED**.

Plaintiff's motion in limine (Docket Entry No. 193) to exclude deposition testimony is **DENIED without prejudice** to renew at trial.

Defendant Pierce's motion in limine no. 1 (Docket Entry No. 195) is **DENIED,** but the Court will provide a limiting instruction to the jury.

Defendant Pierce's motion in limine no. 2 (Docket Entry No. 197) is **DENIED without**

**prejudice** to renew at trial.

Defendant Pierce's motion in limine no. 3 (Docket Entry No. 198) is **DENIED without prejudice** to renew at trial.

Defendant Pierce's motion in limine no. 4 (Docket Entry No. 199) is **GRANTED**.

It is so **ORDERED**.

ENTERED this the 23rd day of March, 2015.

William J. Haynes, Jr.
Senior United States District Judge